UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-437-H

PHYLLIS VAUGHN                                                                                    PLAINTIFF

THE BAR PLAN MUTUAL
INSURANCE COMPANY                                                              INTERVENING
                                                                                                              PLAINTIFF

V.

J. BRADLEY GUARINO-SANDERS, et al.
                                                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant, J. Bradley Guarino-Sanders, by counsel, has moved to dismiss the actions pending on the grounds of his discharge in bankruptcy. Plaintiff has not responded, which the Court assumes is intentional.

On September 3, 2008, Defendant filed a voluntary petition for bankruptcy. This Court stayed the claims against Defendant several days later. On October 20, 2009, he was discharged in bankruptcy. A discharge in bankruptcy "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 . . . whether or not discharge of such debt is waived[.]" 11 U.S.C.A. § 524(a)(1). Further, a discharge "operated as an injunction as against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. A. § 524(a)(2) (emphasis added); *see also in re*

*Lynch*, 187 B.R. 536, 548 (Bankr. E.D. Ky. 1995) (noting that upon entry of the discharge, unsecured creditors holding unsecured claims are permanently enjoined from attempting to collect their claims as personal obligations of the debtor); *In re Howes*, 246 B.R. 280, 289-290 (Bankr. W.D. Ky. 2000) (stating that once a discharge is entered, a permanent injunction replaces the automatic stay and prevents creditors from ever collecting the discharged debt).

Defendant's arguments as to the claims against him appear to be correct. The Court previously dismissed the claims against Adele Guarino-Sanders on January 14, 2010. For the same reasons, because he has obtained a discharge of bankruptcy, Plaintiff is barred from collecting any alleged debt from him related to actions or conduct that Plaintiff contends occurred prior to his petition and discharge in bankruptcy. 11 U.S.C.A. § 524(a)(2); *In re Lynch*, 187 B.R. at 548; *In re Howes*, 246 B.R. at 289-290. Dismissal is, therefore, appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and the remaining claims in this case are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record